**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY HOUSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FIFTH THIRD BANK, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1.　　Plaintiff Anthony Houston brings this action against Fifth Third Bank for violation of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA").

**JURISDICTION AND VENUE**

2.　　This Court has jurisdiction under 28 U.S.C. §§1331 and 1367 and 15 U.S.C. §1693m.

3.　　Venue in this District is proper because defendant does business in the District.

**PARTIES**

4.　　Plaintiff Anthony Houston is a resident of the Northern District of Illinois.

5.　　Defendant Fifth Third Bank  is a federally chartered bank which does business in Illinois.  It has a branch at One South Dearborn, Chicago, Illinois.

**FACTS**

6.　　In June 2018, plaintiff had a deposit account at Fifth Third Bank.

7.　　The account was used for personal, family or household purposes and not for

business purposes.

8.      On or about June 15, 2018, a check was deposited in plaintiff's account, by a person or persons other than plaintiff.  A copy of the check is attached as Exhibit A.  It was deposited at the Fifth Third location at 29 W. Division, Chicago, Illinois.

9.      The check was altered or fictitious.

10.     On June 16, 2018, between 9 am and 10 am, plaintiff received an email from Fifth Third stating that his passcode was changed.

11.     Plaintiff promptly called Fifth Third to report that the change was not authorized by plaintiff and that his account should be locked.  Plaintiff changed his passcode.

12.     Fifth Third should have prevented all further activity relating to the account upon receiving such notice, until the matter could be straightened out.

13.     Fifth Third did not do so.

14.     Subsequently on June 16, 2018, an unknown person or persons again changed the passcode for plaintiff's account, twice, and then withdrew a total of  $4,030 by means of three withdrawals at an automated teller machine and one by an electronic fund transfer.

15.     Plaintiff did not make and received no benefit from these withdrawals.

16.     Plaintiff did not furnish his passcode to anyone.

17.     Plaintiff promptly notified Fifth Third and was temporarily credited $4,030.

18.     On June 19, 2018, Fifth Third sent plaintiff an overdraft notice (Exhibit B).

19.     On June 20, 2018, Fifth Third sent plaintiff a letter confirming the temporary $4,030 credits. (Exhibit C)

20.     On June 21, 2018, Fifth Third sent plaintiff another overdraft notice (Exhibit D).

2

21.     On June 26, 2018, Fifth Third sent plaintiff another overdraft notice (Exhibit E).

22.     On July 3, 2018, Fifth Third sent plaintiff two letters reversing the credits because "our research confirms that the transaction was valid" (Exhibit F) and "We're not able to recover the disputed amount from the Zelle recipient" (Exhibit G).

23.     Also on July 3, 2018, Fifth Third sent plaintiff a "final overdraft notice" threatening to injure plaintiff's credit. (Exhibit H)

24.     On July 5, 2018, Fifth Third sent plaintiff another overdraft notice (Exhibit I).

25.     If Fifth Third had not permitted the withdrawals described above, plaintiff's account would not have been overdrawn. Plaintiff's own activity in the account did not result in any overdraft.

26.     On July 5, 2018, plaintiff filed a police report.

27.     On July 5, 2018 and July 12, 2018, plaintiff sent written disputes to Fifth Third. (Exhibit J)

28.     On July 12, 2018, plaintiff complained to the Federal Reserve System, which responded on July 19, 2018 referring plaintiff to the Consumer Financial Protection Bureau.

29.     On July 20, 2018, plaintiff complained to the Consumer Financial Protection Bureau. (Exhibit K)

30.     Fifth Third responded on August 1, 2018 repeating its prior position (Exhibit L).

31.     On or about August 15, 2018, Fifth Third sent plaintiff a letter indicating that it was closing his account and would report negative information regarding the account to ChexSystems.

**COUNT I – EFTA**

32.  Plaintiff incorporates paragraphs 1-31.

33.  Because the removal of funds from plaintiff's account took place via automated teller machine and electronic transfer, they were subject to the EFTA.

34.  15 U.S.C. §1693a(7) provides that the term "electronic fund transfer" means "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone. . . ."

35.  The four transfers from plaintiff's account were "unauthorized electronic fund transfers" as defined in 15 U.S.C. §1693a(12), which defines that term to mean "an electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer and from which the consumer receives no benefit, but the term does not include any electronic fund transfer (A) initiated by a person other than the consumer who was furnished with the card, code, or other means of access to such consumer's account by such consumer, unless the consumer has notified the financial institution involved that transfers by such other person are no longer authorized, (B) initiated with fraudulent intent by the consumer or any person acting in concert with the consumer, or (C) which constitutes an error committed by a financial institution."

36.  15 U.S.C. §1693f, "error resolution," provides:

(a) Notification to financial institution of error

4

If a financial institution, within sixty days after having transmitted to a consumer documentation pursuant to section 1693d(a), (c), or (d) of this title or notification pursuant to section 1693d(b) of this title, receives oral or written notice in which the consumer--

> (1) sets forth or otherwise enables the financial institution to identify the name and account number of the consumer;

> (2) indicates the consumer's belief that the documentation, or, in the case of notification pursuant to section 1693d(b) of this title, the consumer's account, contains an error and the amount of such error; and

> (3) sets forth the reasons for the consumer's belief (where applicable) that an error has occurred,

the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days. The financial institution may require written confirmation to be provided to it within ten business days of an oral notification of error if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be sent. A financial institution which requires written confirmation in accordance with the previous sentence need not provisionally recredit a consumer's account in accordance with subsection (c), nor shall the financial institution be liable under subsection (e) if the written confirmation is not received within the ten-day period referred to in the previous sentence.

(b) Correction of error; interest

If the financial institution determines that an error did occur, it shall promptly, but in no event more than one business day after such determination, correct the error, subject to section 1693g of this title, including the crediting of interest where applicable.

(c) Provisional recredit of consumer's account

If a financial institution receives notice of an error in the manner and within the time period specified in subsection (a), it may, in lieu of the requirements of subsections (a) and (b), within ten business days after receiving such notice provisionally recredit the consumer's account for the amount alleged to be in error, subject to section 1693g of this title, including interest where applicable, pending the conclusion of its investigation and its determination of whether an error has occurred. Such investigation shall be concluded not later than forty-five days after receipt of notice of the error. During the pendency of the investigation, the consumer shall have full use of the funds provisionally recredited.

5

(d) Absence of error; finding; explanation

'

If the financial institution determines after its investigation pursuant to subsection (a) or (c) that an error did not occur, it shall deliver or mail to the consumer an explanation of its findings within 3 business days after the conclusion of its investigation, and upon request of the consumer promptly deliver or mail to the consumer reproductions of all documents which the financial institution relied on to conclude that such error did not occur. The financial institution shall include notice of the right to request reproductions with the explanation of its findings.

(e) Treble damages

If in any action under section 1693m of this title, the court finds that--

(1) the financial institution did not provisionally recredit a consumer's account within the ten-day period specified in subsection (c), and the financial institution (A) did not make a good faith investigation of the alleged error, or (B) did not have a reasonable basis for believing that the consumer's account was not in error; or

(2) the financial institution knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation,

then the consumer shall be entitled to treble damages determined under section 1693m(a)(1) of this title.

(f) Acts constituting error

For the purpose of this section, an error consists of--

(1) an unauthorized electronic fund transfer;

(2) an incorrect electronic fund transfer from or to the consumer's account;

(3) the omission from a periodic statement of an electronic fund transfer affecting the consumer's account which should have been included;

(4) a computational error by the financial institution;

(5) the consumer's receipt of an incorrect amount of money from an electronic terminal;

6

(6) a consumer's request for additional information or clarification concerning an electronic fund transfer or any documentation required by this subchapter; or

(7) any other error described in regulations of the Bureau.

37.     Fifth Third violated its obligations under 15 U.S.C. §1693f, in that it did not make a good faith investigation of the unauthorized debits, did not have a reasonable basis for believing that plaintiff's account was not the subject of unauthorized debits, and knowingly and willfully concluded that plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Fifth Third at the time of its investigation.

38.     Fifth Third did not have any basis for believing that plaintiff was the person who had engaged in the four transactions.

39.     Furthermore, the signature on the check that was deposited into plaintiff's account is obviously not that of plaintiff.

40.     The pattern of activity set forth above is a common third-party fraud scheme, committed by persons who have stolen passcodes.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

a.     Actual damages;

b.     Statutory damages (15 U.S.C. §1693m);

c.     Treble damages;

d.     Attorney's fees, litigation expenses and costs of suit;

e.     Such other or further relief as the Court deems proper.

## COUNT II – EFTA

41.    Plaintiff incorporates paragraphs  1-31.

42.    Fifth Third allowed unauthorized transactions to be made notwithstanding plaintiff's attempts to prevent them from being made.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

        a.    Actual damages;

        b.    Statutory damages (15 U.S.C. §1693m);

        c.    Attorney's fees, litigation expenses and costs of suit;

        d.    Such other or further relief as the Court deems proper.

## COUNT III – BREACH OF CONTRACT

43.    Plaintiff incorporates paragraphs 1-31.

44.    Fifth Third violated the parties' agreement, in that it:

        a.    Held plaintiff liable for transfers in contravention of the parties' agreement, which limits liability for theft.

        b.    Failed to shut down activity in plaintiff's account upon receipt of his phone call warning of unauthorized activity on the morning of June 16, 2018.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

        c.    Actual damages;

        d.    Costs of suit;

    e.   Such other or further relief as the Court deems proper.


            */s/ Daniel A. Edelman*
            Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

T:\35356\Pleading\Complaint_Pleading.WPD

## JURY DEMAND

Plaintiff demands trial by jury.


*/s/ Daniel A, Edelman*
Daniel A. Edelman

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

11