UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY HOUSTON, | |
| Plaintiff, | Case No. 18-cv-5981 |
| v. | |
| FIFTH THIRD BANK, | Judge John Robert Blakey |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anthony Houston sues Defendant Fifth Third Bank, claiming that Defendant violated the Electronic Funds Transfer Act (EFTA) and breached their account agreement by holding Plaintiff liable for certain alleged unauthorized transactions from Plaintiff's account. This Court previously dismissed without prejudice Plaintiff's first amended complaint, but granted Plaintiff leave to replead his claims. [32]. Plaintiff has since filed a second amended complaint (SAC) [23], and now Defendant brings a renewed motion to dismiss [37]. For the reasons explained below, this Court denies Defendant's motion.

**I. The Second Amended Complaint's Allegations**

In June 2018, Plaintiff maintained a deposit account with Defendant. [34] ¶ 6. On or about June 15, 2018, an unknown third party deposited a check in Plaintiff's account at one of Defendant's branches. *Id.* ¶ 8. Plaintiff has never visited that particular branch. *Id.*

1

Plaintiff claims that the check "was altered or fictitious," and that the endorsement signature on the check looks nothing like his own. *Id.* ¶ 10. Plaintiff also claims that Defendant did not at any time compare the endorsement signature on the check with the signature it had on file for Plaintiff. *Id.* ¶ 11.

The next day, June 16, 2018, between 9 a.m. and 10 a.m., Plaintiff received an email from Defendant stating that his passcode changed. *Id.* ¶ 12. Plaintiff promptly called Defendant to report that he did not authorize this passcode change and asked that Defendant lock his account. *Id.* ¶ 13. Plaintiff also changed his passcode. *Id.*

Plaintiff asserts that Defendant should have prevented all further activity on his account at that point, but Defendant did not do so. *Id.* ¶¶ 14–15. Later that same day, an unknown third party again changed the passcode for Plaintiff's account, twice, and then withdrew $4,030 from Plaintiffs account, via three withdrawals at an ATM and one electronic fund transfer through Zelle. *Id.* ¶ 16. Plaintiff called Defendant multiple times that day to report the attempted fraud on his account; Defendant told Plaintiff the situation would be "rectified." *Id.* Plaintiff asserts he did not make, and received no benefit from, these transactions. *Id.* ¶ 18. He also claims that he did not provide his passcode, debit card, or PIN to anyone. *Id.* ¶ 19. Plaintiff additionally asserts that he never replied to any text message verification request from Defendant or any other entity regarding the transactions at issue. *Id.*

Subsequently, Plaintiff notified Defendant of the unauthorized transactions, and Defendant temporarily credited Plaintiff $4,030 and sent him a letter confirming the temporary credits on June 20, 2018. *Id.* ¶¶ 23, 25. But on July 3, 2018, Defendant

sent Plaintiff two letters reversing the credits, stating that "our research confirms that the transaction was valid." *Id.* ¶ 28.

Defendant wrote to Plaintiff on August 1, 2018. *Id.* ¶ 36. In that August 1 letter, Defendant said that after completing its research on the parties' dispute, it connected the transactions "to other known fraudulent activity wherein the customer participated by giving the unauthorized party their debit card and PIN." *Id.* ¶ 37. Defendant then reiterated its position denying Plaintiff's dispute. *Id.* ¶ 36.

The SAC asserts two claims against Defendant: breach of contract (Count I), and violations of the EFTA (Count II). [34].

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the reasonable inference" that the defendant committed the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "asks for more than a sheer possibility" that a defendant acted unlawfully. *Iqbal*, 556 U.S. at 678. In evaluating a complaint under Rule 12(b)(6), this Court accepts all well-pleaded allegations as true and draws all reasonable inferences in the plaintiff's favor. *Id.* This Court does not, however,

3

accept a complaint's legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

**III. Analysis**

Defendant again moves to dismiss Plaintiff's claims in their entirety. [38]. This Court addresses each count in order below.

    **A.    Count I: Breach of Contract**

To prevail on a breach of contract claim under Illinois law, a plaintiff must show (1) the existence of a valid and enforceable contract; (2) performance of all contractual conditions by the plaintiff; (3) a breach by the defendant; and (4) damages caused by the breach. *Lindy Lu LLC v. Ill. Cent. R. Co.,* 984 N.E.2d 1171, 1175 (Ill. App. Ct. 2013).[1] Defendant contests only the third element: breach. [38] at 12.

In his SAC, Plaintiff asserts that Defendant breached the following provision in their account agreement, which the parties agree applies:

> Tell us AT ONCE if you believe your card or password/PIN has been lost or stolen, or if you believe that an electronic fund transfer has been made without your permission using information from your check. Telephoning is the best way of keeping your possible losses down . . . . If you tell us within two (2) Business Days after you learn of the loss or theft of your password/PIN, you can lose no more than $50 if someone used your password/PIN without your permission.
>
> If you do NOT tell us within two (2) Business Days after you learn of the loss or theft of your password/PIN, and we can prove we could have stopped someone from using your password/PIN without your permission if you had told us, you could lose as much as $500.

---

[1] Defendant cites to Illinois law in its motion, [38] at 12, and Plaintiff does not dispute that Illinois law applies to his claim, *see* [39] at 15–16.

4

[34] ¶ 50; [34-13] at 24. Plaintiff claims that Defendant breached this provision under two theories: (1) allowing deposits and withdrawals by unauthorized third parties; and (2) holding Plaintiff liable for transfers, even though the agreement limits liability for theft. *Id.* ¶¶ 53–54.

At the outset, Plaintiff's first theory fails, because the provision's plain language does not require Defendant to prevent deposits and withdrawals by unauthorized third parties. [34] ¶ 50.

Plaintiff's second theory, however, survives dismissal because the provision limits a customer's liability to $50 if an unauthorized party executed an electronic transfer without the customer's permission and the customer reports this activity within two business days. *Id.* Here, Plaintiff alleges that he notified Defendant the same day he learned that someone changed his password without permission, yet Defendant held him liable for more than $50 in losses arising from the fraud. *Id.* ¶ 51. This assertion sufficiently alleges Defendant's breach.

Defendant argues that it determined that Plaintiff participated in the fraud, and thus Plaintiff cannot show that his password and PIN were used without his permission. *See* [41] at 9. True, if discovery reveals this is the case, Plaintiff cannot prove his breach of contract claim. But, at the pleadings stage, this Court must take Plaintiff's allegations as true. *Iqbal*, 556 U.S. at 678. And here, Plaintiff has plausibly alleged that he did not authorize the transactions, nor provide his password or PIN to anyone else. [34] ¶¶ 18–19. His breach of contract claim thus survives dismissal under this second theory.

### B. Count II: EFTA § 1693f

In Count II, Plaintiff alleges that Defendant violated 15 U.S.C. § 1693f. [34] ¶¶ 55–64. As this Court discussed in its prior opinion, a bank may be liable for treble damages under § 1693f under the following two circumstances:

> **(1)** the financial institution did not provisionally recredit a consumer's account within the ten-day period specified in subsection (c), and the financial institution (A) did not make a good faith investigation of the alleged error, or (B) did not have a reasonable basis for believing that the consumer's account was not in error; or
>
> **(2)** the financial institution knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation[.]

15 U.S.C. § 1693f(e).

Plaintiff does not claim that Defendant untimely issued provisional credits, *see generally* [34], so this Court focuses only upon whether he sufficiently alleges that Defendant "knowingly and willfully concluded that [his] account was not in error when such conclusion could not have reasonably have been drawn from the evidence available to [Defendant] at the time of its investigation," 15 U.S.C. § 1693f(e)(2).

In its prior opinion, this Court found Plaintiff's allegations either too speculative, or directly contradicted by exhibits to his complaint, to survive a motion to dismiss. [32] at 8. This Court now finds that Plaintiff's SAC cures those past deficiencies.

Previously, this Court noted that although Plaintiff alleged that Defendant refused to consider evidence that Plaintiff "was not in the area at the time" he

6

engaged in the June 16, 2018 transactions because he was trying out for a lifeguard position, an exhibit attached to his complaint directly undermined this allegation by showing that Plaintiff was at his try-out *before* the transactions occurred. [32] at 6–7.

The SAC, however, clarifies that Plaintiff was at try-outs for a lifeguard position between 9:00 a.m. and 10:00 a.m. at Whitney Young High School in Chicago; he then remained at the high school until his friend's mother picked him up at 10:30 a.m. and drove him home. [34] ¶ 46. Plaintiff then alleges that the first two unauthorized transactions—at 10:04 a.m. and 10:24 a.m.—occurred while he waited for his friend's mother to pick him up. *Id.* He also alleges that the third and fourth transactions—at 12:11 p.m. and 12:12 p.m.—occurred while he was at his home. *Id.* Plaintiff also claims that he notified Defendant that "he was not in the vicinity" of where any of the four transactions occurring on June 16, 2018 took place, yet Defendant did not view any security footage of the relevant transactions to determine who made those withdrawals. *Id.* ¶¶ 45, 47.

Taking these allegations together as true, this Court finds that they plausibly support Plaintiff's claim that Defendant knowingly and willfully concluded Plaintiff's account was not in error, notwithstanding the evidence available to Defendant. 15 U.S.C. § 1693f(e)(2). Defendant again maintains that it did not err, arguing that Plaintiff's own whereabouts relating to the disputed transfer remain irrelevant because Defendant determined that Plaintiff gave his debit card and PIN to a third person who ultimately executed the transactions. [41] at 7. Whether this is true,

7

however, remains a question of fact; if discovery reveals Plaintiff participated in the fraud, then Defendant might ultimately prevail. But now, this Court must accept Plaintiff's allegations as true and draw inferences in his favor, and thus this Court denies Defendant's motion as to Plaintiff's EFTA claim.

## IV. Conclusion

This Court denies Defendant's motion to dismiss [37]. All other dates and deadlines stand.

Dated: July 10, 2019

                                                  Entered:

                                                  John Robert Blakey
                                                  United States District Judge